Michael N. Zachary, OSBA#041201
Michael P. Matesky, II (*pro hac vice pending*)
Robert J. Carlson (*pro hac vice pending*)
Christensen O'Connor Johnson Kindness PLLC
1420 Fifth Ave., Ste. 2800
Seattle, Washington 98101
Telephone: 206-682-8100
Facsimile: 206-224-0779
Email: michael.zachary@cojk.com
mike.matesky@cojk.com
bob.carlson@cojk.com

*Attorney for CollegeNET, Inc.*

FILED'10 OCT 4 8:24USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DIVISION OF PORTLAND

| | |
|---|---|
| COLLEGENET, INC.,<br><br>    PLAINTIFF,<br><br>v.<br><br>GOOGLE INC.<br><br>    DEFENDANT. | Case No. CV'10-1211 HU<br><br>COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION<br><br>DEMAND FOR JURY TRIAL |

In support of its Complaint, Plaintiff CollegeNET, Inc. ("CollegeNET") alleges the following:

### THE PARTIES, JURISDICTION, AND VENUE

1. Plaintiff CollegeNET, Inc. (hereinafter "CollegeNET" or "Plaintiff") is a Delaware corporation having its principal place of business in Portland, Oregon.

COMPLAINT FOR TRADEMARK
INFRINGEMENT - 1
COLN\SPEEDBOOK COMPLAINT.DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

2. Defendant Google Inc. (hereinafter "Google" or "Defendant") is a Delaware corporation having its global headquarters and primary place of business in Mountain View, California.

3. This action arises, *inter alia*, under the Trademark Laws of the United States, 15 U.S.C. § 1051, *et. seq.*, and the common law. This Court has jurisdiction under the provisions of 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, 1367, 2201.

4. Defendant is subject to personal jurisdiction in the District of Oregon.

5. The District of Oregon is a proper venue for this action pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

6. CollegeNET is in the business of providing, *inter alia*, web-based computer database, information, and application software and services, including scheduling and event- and facilities-management software and services. CollegeNET provides such online scheduling and event- and facilities-management software and services to hundreds of institutions in Oregon, across the United States, and abroad, including public and private educational institutions and non-profit organizations.

7. Since at least as early as September 2, 1998, CollegeNET has been continuously engaged in the business of marketing and providing such scheduling and event- and facilities-management technology in commerce under the mark **SPEEDBOOK®**. During that time, CollegeNET has expended a significant amount of resources in developing goodwill and brand recognition in and for the **SPEEDBOOK®** mark.

8. CollegeNET uses the mark **SPEEDBOOK®** in connection with technology included as part of CollegeNET's "Series 25" technology suite for event- and facilities-scheduling and management.

9. CollegeNET's Series 25 technology suite includes comprehensive systems for scheduling, managing, and publishing events and related information, as well as optimally

COMPLAINT FOR TRADEMARK INFRINGEMENT - 2
COLN\SPEEDBOOK COMPLAINT.DOC

CHRISTENSEN O'CONNOR JOHNSON KINDNESS<sup>PLLC</sup> | LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

assigning spaces and resources to such events. CollegeNET's **SPEEDBOOK®** technology allows Series 25 users to quickly schedule events and specify all related details in one location.

10. Users of CollegeNET's Series 25 technology suite and associated **SPEEDBOOK®** technology include Stanford University, Princeton University, the University of Oregon, and numerous other institutions of higher education across the United States and abroad.

11. CollegeNET's rights in the **SPEEDBOOK®** mark are a matter of public record. CollegeNET owns U.S. Trademark Registration No. 2,683,921 in International Class 9, registered on February 4, 2003, for use of the **SPEEDBOOK®** mark in connection with "[c]omputer software for institutions holding or hosting events, namely, software for use in scheduling such events and associated facilities, and associated manuals sold as a unit with such software" (the "**SPEEDBOOK®** Registration"). A true and correct copy of CollegeNET's **SPEEDBOOK®** trademark registration is attached as Exhibit A.

12. The **SPEEDBOOK®** Registration is valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065, and constitutes conclusive evidence of the validity of the **SPEEDBOOK®** mark, of the registration of said mark, of CollegeNET's ownership of said mark, and of CollegeNET's exclusive right to use the mark in commerce.

13. As a result of CollegeNET's continuous and exclusive use of the **SPEEDBOOK®** mark since at least September 1998 and the commercial success of the technology marketed and sold under the **SPEEDBOOK®** mark, CollegeNET has developed significant brand recognition and goodwill in the **SPEEDBOOK®** mark.

14. CollegeNET's **SPEEDBOOK®** mark has come to represent the valuable goodwill and reputation of CollegeNET in the market for commercial, educational, and administrative software and services. As a result, the consuming public has come to expect that goods and services marketed and sold under CollegeNET's **SPEEDBOOK®** mark are associated with CollegeNET.

15. Defendant Google is a corporation with a pervasive worldwide presence and a market capitalization of over $150 billion. Google provides a wide variety of goods and

COMPLAINT FOR TRADEMARK
INFRINGEMENT - 3
COLN\SPEEDBOOK COMPLAINT.DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS™

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

services, including web search services, software, advertising services, telecommunications services, and computer hardware.

16. Among other types of software, Google provides operating system software for smart phones, netbooks, tablets, and other computing devices.

17. On February 19, 2010, Defendant Google filed Application No. TO/M/10/02197 to register the mark SPEEDBOOK with the Kingdom of Tonga.

18. On June 2, 2010, Sundar Pichai, vice president of product management for Google, publicly announced that Google intends to launch a computer hardware device running Google operating system software in "late fall" of 2010 that will "reach millions of users on day one."

19. On August 18, 2010, Defendant filed Application No. 85/110,604 with the U.S. Patent & Trademark Office ("USPTO") to register the mark SPEEDBOOK for "computer hardware" in International Class 9 (the "SPEEDBOOK Application"). The SPEEDBOOK Application claims priority based on Google's Tongan application for SPEEDBOOK, pursuant to 15 U.S.C. § 1126(d), and states "[t]he applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services." The SPEEDBOOK Application is electronically signed by Christine Hsieh, who is identified as Trademark Counsel for the Defendant.

20. That same day, August 18, 2010, Lee Mathews published an article on the **www.downloadsquad.com** website citing an unnamed source as stating that Google intends to launch sales of a tablet computer running Google operating system software on November 26, 2010 ("Black Friday").

21. Shortly thereafter, numerous technology authors, bloggers, and journalists across the United States and abroad began publishing articles discussing the SPEEDBOOK Application and Google's impending launch of a tablet computer, indicating that Google would likely be offering tablet computers under the SPEEDBOOK mark.

COMPLAINT FOR TRADEMARK
INFRINGEMENT - 4
COLN\SPEEDBOOK COMPLAINT.DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

22. For example, on August 26, 2010, author Chris Smith posted an article on the TFTS blog (available at **www.nexus404.com**) stating:

> "Today we learn that the company [Google] is going to launch a new Google-branded product. They'll call it the Speedbook as that's the new trademark Google has recently applied for. So what is it exactly? Considering that Google isn't making a Google Nexus Two, and given the fact that we already know HTC is building a Chrome-based tablet for Mountain View, then we can only assume the Speedbook is that particular tablet."

23. On August 26, 2010, author Alicia Gomez posted an article on the **www.androidheadlines.com** website entitled "Is SpeedBook from Google the next 'iPad killer?'", which stated:

> "Google is getting one step closer to revealing their new plans for a tablet featuring Chrome OS. Today, Google filed a trademark for SpeedBook, possibly the name of their tablet they have been working on with HTC...Also noteworthy, is that it will be on Verizon's network with a possible launch date of November 26 — also known as Black Friday."

24. On August 26, 2010, author Scott Young posted an article on the **www.talkandroid.com** website entitled "Will Google's Chrome tablet be called the Speedbook?", which stated:

> "Google has just recently filed for a new trademark, "Speedbook". While no official word has been given as to what device will bear this name, it seems likely that it will go to a tablet device. That leaves us with two possibilities that we know of. First being the Chrome OS tablet we've all heard of, rumored to be releasing on Black Friday. The second possibility would be the upcoming Motorola tablet launching through Verizon with Gingerbread inside...The former seems like the more likely possibility but we'll just have to wait and see."

25. A search for the terms "Google" and "Speedbook" using Google's search engine returned over 200,000 results as of September 29, 2010.

26. On information and belief, Google intends to launch sales of a computing device under the SPEEDBOOK mark by November 26, 2010.

27. On information and belief, Google has already taken concrete steps in furtherance of its intention to launch sales of a personal computing device under the SPEEDBOOK mark.

COMPLAINT FOR TRADEMARK
INFRINGEMENT - 5
COLN\SPEEDBOOK COMPLAINT.DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS^PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

28. On information and belief, Defendant intended, knew, or should have known that its filing of the SPEEDBOOK Application with the USPTO would generate significant media coverage discussing Google's intended release of a computing device under the SPEEDBOOK mark.

29. By virtue of the **SPEEDBOOK**® Registration, Defendant had constructive notice of CollegeNET's rights in the **SPEEDBOOK**® mark at least as early as February 4, 2003.

30. On September 21, 2010, CollegeNET's counsel sent a letter to Defendant identifying CollegeNET's rights in the **SPEEDBOOK**® mark and objecting to Defendant's use and registration of the SPEEDBOOK mark. CollegeNET's counsel received an initial response to this correspondence from Defendant's counsel on September 27, 2010.

31. By virtue of such correspondence, Google had actual notice of CollegeNET's use and registration of the **SPEEDBOOK**® mark at least as early as September 27, 2010.

32. CollegeNET's software and services sold under the **SPEEDBOOK**® mark are marketed to and used by the same class of consumers that purchase and use computer hardware. Indeed, all users of CollegeNET's software and related services sold under the **SPEEDBOOK**® mark are necessarily users of computer hardware as well.

33. Computer software and computer hardware are related goods often provided by or affiliated with a single source.

34. Google itself provides both computer software and related services in addition to its stated intent to provide computer hardware under the SPEEDBOOK mark.

35. Google also owns U.S. Trademark Registration Nos. 2,884,502 and 3,140,793 for the GOOGLE mark, which cover software and related services as well as computer hardware.

36. CollegeNET's **SPEEDBOOK**® mark is identical to the SPEEDBOOK mark claimed in Google's SPEEDBOOK Application.

37. Defendant's application to register, registration, and other use of the SPEEDBOOK mark in connection with computer hardware is likely to cause confusion among consumers in Oregon, the United States, and abroad with regard to CollegeNET's use and

COMPLAINT FOR TRADEMARK
INFRINGEMENT - 6
COLN\SPEEDBOOK COMPLAINT.DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS<sup>PLLC</sup>

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

registration of the **SPEEDBOOK®** mark in connection with computer software and related services.

38.   Due to Google's size and market penetration, Google's use of the SPEEDBOOK mark is likely to overwhelm the goodwill and brand association CollegeNET has built up in the **SPEEDBOOK®** mark, and will likely lead consumers to assume incorrectly that the software and related services provided by CollegeNET under the **SPEEDBOOK®** mark originate with Google, are designed for Google hardware, are hosted on Google servers, or are otherwise affiliated with or sponsored, endorsed, or approved by Google.

39.   For example, both CollegeNET and Google offer remotely-hosted calendar software specifically targeted to educational institutions. Accordingly, actual and prospective users of CollegeNET's Series 25 and **SPEEDBOOK®** technology are likely to mistakenly believe that such technology was developed by Google, in association with Google, or is hosted on Google servers.

40.   Similarly, CollegeNET's Series 25 and **SPEEDBOOK®** technology is compatible with several numerous mobile computing devices, including the Apple iPad® tablet computer and other personal electronic devises. Accordingly, actual and prospective users of CollegeNET's Series 25 and **SPEEDBOOK®** technology are likely to mistakenly perceive CollegeNET's use of the **SPEEDBOOK®** mark as an indication that such technology is compatible with the Google SPEEDBOOK device, is optimized for use with the Google SPEEDBOOK device, or is usable <u>only</u> on a Google SPEEDBOOK device.

41.   Defendant's unauthorized application to register, registration, and other use of the SPEEDBOOK mark in connection with computer hardware has infringed and is continuing to infringe CollegeNET's valuable trademark rights in and to the **SPEEDBOOK®** mark.

42.   Defendant's unauthorized application to register, registration, and other use of the SPEEDBOOK mark in connection with computer hardware have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable damage, loss and injury to CollegeNET, to an extent not yet ascertained.

COMPLAINT FOR TRADEMARK
INFRINGEMENT - 7
COLN\SPEEDBOOK COMPLAINT.DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS<sup>PLLC</sup>

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

## COUNT I

**(Infringement of Federally Registered Trademark)**

43. CollegeNET repeats and realleges each and every allegation contained in paragraphs 1 through 42, inclusive, with the same force and effect as if set forth fully herein.

44. This cause of action arises under Section 32 of the Lanham Act, 15 U.S.C. § 1114, for infringement of a federally registered mark.

45. Defendant's unauthorized application to register, registration, and other use in commerce of the SPEEDBOOK mark is likely to cause confusion, mistake, and/or deception as to the origin of the goods and services provided by CollegeNET under the registered **SPEEDBOOK®** mark, and to mislead consumers into believing that such goods and services originate from, are affiliated with, or are sponsored, authorized, approved, or sanctioned by Defendant.

46. Defendant's unauthorized application to register, registration, and other use in commerce of the SPEEDBOOK mark constitute infringement of CollegeNET's rights in the registered **SPEEDBOOK®** mark in violation of at least § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

47. The aforesaid acts of infringement have caused or will cause CollegeNET to sustain monetary damage, loss, and injury, to an extent not yet ascertained.

48. The aforesaid acts of infringement have been and continue to be undertaken knowingly, willfully, and in bad faith.

49. The aforesaid acts of infringement, unless enjoined by this Court, will continue to cause CollegeNET to sustain irreparable damage, loss, and injury, for which CollegeNET has no adequate remedy at law.

## COUNT II

**(Federal False Designation of Origin and Unfair Competition)**

50. CollegeNET repeats and realleges each and every allegation contained in paragraphs 1 through 49, inclusive, with the same force and effect as if fully set forth herein.

COMPLAINT FOR TRADEMARK
INFRINGEMENT - 8
COLN\SPEEDBOOK COMPLAINT.DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS™

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

51. This cause of action arises under § 43(a) of the federal Lanham Act, 15 U.S.C. § 1125(a), for false designation of origin and unfair competition.

52. As the exclusive owner and user of the **SPEEDBOOK®** mark, CollegeNET possesses valuable common law rights to said mark and the goodwill appurtenant to it.

53. Defendant's unauthorized application to register, registration, and other use in commerce of the SPEEDBOOK mark in connection with computer hardware constitutes use in commerce of a false designation of origin that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with CollegeNET, or as to the origin, sponsorship, or approval of CollegeNET's goods, services, or commercial activities by Google, or of Google's goods, services, or commercial activities by CollegeNET.

54. Defendant's application to register, registration, and other use in commerce of the SPEEDBOOK mark constitutes unauthorized use in commerce of a term confusingly similar to CollegeNET's **SPEEDBOOK®** mark in a manner that violates at least § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55. Defendant's aforesaid acts of federal false designation of origin and unfair competition have caused CollegeNET to sustain monetary damage, loss, and injury, to an extent not yet ascertained.

56. Defendant has engaged and continues to engage in these activities knowingly, willfully, and in bad faith.

57. Defendant's acts of federal false designation of origin and unfair competition, unless enjoined by this Court, will continue to cause CollegeNET to sustain irreparable damage, loss, and injury, for which CollegeNET has no adequate remedy at law.

## COUNT III

### (Common Law Trademark Infringement and Unfair Competition )

58. CollegeNET repeats and realleges each and every allegation contained in paragraphs 1 through 57, inclusive, with the same force and effect as if fully set forth herein.

COMPLAINT FOR TRADEMARK
INFRINGEMENT - 9
COLN\SPEEDBOOK COMPLAINT.DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

59. As the exclusive owner and user of the **SPEEDBOOK**® mark, CollegeNET possesses valuable common law rights to said mark and the goodwill appurtenant to it.

60. Defendant's actions describe herein constitute trademark infringement and unfair competition in violation of the common law of Oregon.

61. Defendant's aforesaid acts of trademark infringement and unfair competition have caused CollegeNET to sustain monetary damage, loss, and injury, to an extent not yet ascertained.

62. Defendant has engaged and continues to engage in these activities knowingly, willfully, and in bad faith.

63. Defendant's acts of common law trademark infringement and unfair competition, unless enjoined by this Court, will continue to cause CollegeNET to sustain irreparable damage, loss, and injury, for which CollegeNET has no adequate remedy at law.

## COUNT IV

### (Declaration of Federal Trademark Infringement)

64. CollegeNET repeats and realleges each and every allegation contained in paragraphs 1 through 63, inclusive, with the same force and effect as if fully set forth herein.

65. This cause of action arises under the federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), and § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

66. A present actual controversy exists between CollegeNET and Google as to whether Google's application to register, registration, and other use in commerce of the SPEEDBOOK mark in connection with computer hardware infringes CollegeNET's federally registered **SPEEDBOOK**® mark.

67. CollegeNET seeks, and is entitled to, a declaration that Google's application to register, registration, and other use in commerce of the SPEEDBOOK mark in connection with computer hardware infringes CollegeNET's federally registered **SPEEDBOOK**® mark in violation of at least § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

## COUNT V

### (Declaration of Federal False Designation of Origin and Unfair Competition)

COMPLAINT FOR TRADEMARK
INFRINGEMENT - 10
COLN\SPEEDBOOK COMPLAINT.DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS<sup>PLLC</sup>

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

68. CollegeNET repeats and realleges each and every allegation contained in paragraphs 1 through 67, inclusive, with the same force and effect as if fully set forth herein.

69. This cause of action arises under the federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), and § 43(a) of the Lanham Act, 15 U.S.C. § 1125(d).

70. A present actual controversy exists between CollegeNET and Google as to whether Google's application to register, registration, and other use in commerce of the SPEEDBOOK mark in connection with computer hardware constitutes federal false designation of origin and unfair competition in violation of CollegeNET's rights in the SPEEDBOOK® mark.

71. CollegeNET seeks, and is entitled to, a declaration that Google's application to register, registration, and other use in commerce of the SPEEDBOOK mark in connection with computer hardware constitutes federal false designation of origin and unfair competition in violation of CollegeNET's rights in the SPEEDBOOK® mark and in violation of at least § 43(a) of the Lanham Act, 15 U.S.C. § 1125(d).

## COUNT VI

**(Declaration of Common Law Trademark Infringement and Unfair Competition)**

72. CollegeNET repeats and realleges each and every allegation contained in paragraphs 1 through 71, inclusive, with the same force and effect as if fully set forth herein.

73. This cause of action arises under the federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), and the common law of Oregon.

74. A present actual controversy exists between CollegeNET and Google as to whether Google's application to register, registration, and other use in commerce of the SPEEDBOOK mark in connection with computer hardware constitutes common law trademark infringement and unfair competition in violation of CollegeNET's rights in the SPEEDBOOK® mark.

75. CollegeNET seeks, and is entitled to, a declaration that Google's application to register, registration, and other use in commerce of the SPEEDBOOK mark in connection with computer hardware constitutes common law trademark infringement and unfair competition in violation of CollegeNET's rights in the SPEEDBOOK® mark.

COMPLAINT FOR TRADEMARK
INFRINGEMENT - 11
COLN\SPEEDBOOK COMPLAINT.DOC



LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

## PRAYER FOR RELIEF

**WHEREFORE,** CollegeNET respectfully prays for the following relief:

1. For a judgment and declaration as follows:

    a. That the **SPEEDBOOK®** mark and Registration are valid and enforceable;

    b. That CollegeNET is the exclusive owner of all right, title, and interest in and to the **SPEEDBOOK®** mark and Registration;

    c. That Defendant's application to register, registration, and other use of the SPEEDBOOK mark in connection with computer hardware is likely to cause confusion, mistake, or deception as to the origin of goods and services provided by CollegeNET, and to mislead customers in Oregon and the United States into believing that such goods originate from, are affiliated with, or are sponsored, authorized, approved, or sanctioned by Defendant;

    d. That Defendant is liable on each of the following causes of action:

        i. Infringement of a federally registered trademark in violation of 15 U.S.C. § 1114(1);

        ii. Federal false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a); and

        iii. Common law trademark infringement and unfair competition;

    e. That Defendant has engaged in the following acts knowingly, willfully, and in bad faith:

        i. Infringement of a federally registered trademark in violation of 15 U.S.C. § 1114(1);

        ii. Federal false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a); and

        iii. Common law trademark infringement and unfair competition;

COMPLAINT FOR TRADEMARK
INFRINGEMENT - 12
COLN\SPEEDBOOK COMPLAINT.DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS℠

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

2. That Defendant, its officers, agents, servants, employees, attorneys, and all other persons acting in concert or participation with Defendant be preliminarily and permanently enjoined:

    a. From directly or indirectly using, preparing, producing, manufacturing, ordering, printing, publishing, rendering, distributing, selling, offering for sale, advertising, promoting, or otherwise exploiting any goods or services in Oregon, the United States, or in commerce under the SPEEDBOOK mark, or any other designation similar to the **SPEEDBOOK®** mark;

    b. From otherwise continuing to infringe upon the **SPEEDBOOK®** mark;

    c. From further using in connection with any goods or services in Oregon, the United States, or in commerce, any false or deceptive designation or description, whether by words or other symbols or representations, which suggest or imply any relationship between Google and CollegeNET or between Google and CollegeNET's goods and services;

    d. From further engaging in any acts of unfair competition against CollegeNET;

    e. From any attempts to register the SPEEDBOOK mark, whether as a trademark, trade name, business name, domain name, or otherwise, or any variation thereof similar to the **SPEEDBOOK®** mark;

    f. From in any way inducing, encouraging, aiding, abetting, or contributing to any of the aforesaid acts; and

    g. To immediately withdraw the SPEEDBOOK Application and all other state and federal registrations and applications for the SPEEDBOOK mark;

COMPLAINT FOR TRADEMARK
INFRINGEMENT - 13
COLN\SPEEDBOOK COMPLAINT.DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS^PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

3. That CollegeNET have such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38 and LR 38(1), Plaintiff CollegeNET demands a jury trial on all issues triable to a jury.

Dated this 4th day of October, 2010.

CHRISTENSEN O'CONNOR
JOHNSON KINDNESS<sup>PLLC</sup>

Michael N. Zachary, OSBA #041201
Michael P. Matesky, II (*pro hac vice pending*)
Robert J. Carlson (*pro hac vice pending*)
Christensen O'Connor Johnson Kindness<sup>PLLC</sup>
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
Telephone: 206.682.8100; Fax: 206.224.0779
E-mail: michael.zachary@cojk.com;
mike.matesky@cojk.com; bob.carlson@cojk.com;
courtdoc@cojk.com
*Attorney for Plaintiff CollegeNET, Inc.*

COMPLAINT FOR TRADEMARK
INFRINGEMENT - 14
COLN\SPEEDBOOK COMPLAINT.DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS<sup>PLLC</sup>

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100