**Kenneth R. Davis II**, OSB No. 971132
davisk@lanepowell.com
**Parna A. Mehrbani**, OSB No. 053235
mehrbanip@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone:  503.778.2100
Facsimile:  503.778.2200

**Margret M. Caruso** (*pro hac vice application pending*)
margretcaruso@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA  94062
Telephone:  650.801.5101
Facsimile:  650.801.5100

Attorneys for Defendant Google Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **COLLEGENET, INC.,** | No. 3:10-cv-01211-HU |
| Plaintiff, | **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EXPEDITE DISCOVERY AND IN THE ALTERNATIVE DEFENDANT'S MOTION TO EXPEDITE DISCOVERY** |
| v. | |
| **GOOGLE INC.,** | |
| Defendant. | **ORAL ARGUMENT REQUESTED** |

## Introduction

On the basis of Internet rumors and speculation, CollegeNET seeks expedited discovery concerning every one of Google's software applications—past, present, and future.  It seeks all

PAGE 1 -   OPPOSITION TO PLAINTIFF'S MOTION TO EXPEDITE DISCOVERY

of Google's highly-confidential internal documents that could possibly have anything to do with a product that does not currently exist. If successful in obtaining any expedited discovery, CollegeNET will set an enticing precedent for all trademark owners (and particularly competitors)—namely, permitting discovery into future marketing plans based simply on the filing of an intent-to-use federal trademark application. Notwithstanding the speculation that ensued among Internet bloggers when Google filed such an application, this is insufficient to show relevance, much less good cause, for the expansive and expedited discovery CollegeNET seeks.

### Relevant Background Facts

Over the past two months, CollegeNET learned that Google had filed a trademark application for the word SPEEDBOOK in connection with computer hardware and read some Internet posts speculating on why Google did so. Compl. ¶¶ 19-24. Apparently concerned by the potential that any use Google would make of the SPEEDBOOK brand would confuse college administrators who made purchasing decisions regarding CollegeNET's "R25 product that utilizes CollegeNET's SPEEDBOOK technology" to schedule events, CollegeNET demanded that Google withdraw its application and confirm "in writing that Google will not attempt to use or register SPEEDDBOOK for a[n]y type of hardware or software product, so long as SPEEDBOOK is in use and registered" by CollegeNET. Tautvydas Dec. (Docket No. 12), Ex. E. Google responded to CollegeNET's cease and desist letter by explaining the confidentiality of its future plans and disputing that CollegeNET's asserted rights would prohibit Google from using SPEEDBOOK in connection with computer hardware. *See* Tautvydas Dec. (Docket No. 12), Ex. G. Shortly thereafter, CollegeNET filed a trademark infringement complaint and motion for expedited discovery. Zachary Decl. (Docket No. 4), Exs. E and G.

PAGE 2 -   OPPOSITION TO PLAINTIFF'S MOTION TO EXPEDITE DISCOVERY

During CollegeNET's meet and confer effort in connection with its preliminary injunction motion, Google informed CollegeNET that all of the rumors that Google planned to release a computer tablet called SPEEDBOOK on or by November 26, 2010 were incorrect, that Google has no existing product with the SPEEDBOOK mark, and that Google has no prototype of a product using the SPEEDBOOK mark. *See* Declaration of Margret M. Caruso dated Oct. 14, 2010, ¶ 2. Google later confirmed this in writing, further elaborating that Google has no plans to release any product using the SPEEDBOOK mark any time this year. *Id.* at ¶ 3, Ex. A. In that letter, Google also questioned why CollegeNET would persist with its motions in view of the apparent lack of urgency, subject matter jurisdiction, or necessary allegation of use in commerce.

The discovery CollegeNET seeks to have Google respond to within five days of service requests documents responsive to 13 categories and deposition testimony on 14 topics. *See* Zachary Decl. (Dkt. No. 4), Ex. H, Requests for Production; Ex. I Deposition Topics. These categories seek information about, among other things:

-- "all software applications that Google offers, has offered, or intends to offer";

-- marketing, advertising, distribution, and manufacturing plans and agreements for "all products and services in connection with which Google uses, has used, or intends to use the SPEEDBOOK mark";

-- Google's decision and intent regarding its SPEEDBOOK trademark application; and

-- documents relating to market research and consumer perception and demographics of actual or intended customers.

*Id.*

PAGE 3 -   OPPOSITION TO PLAINTIFF'S MOTION TO EXPEDITE DISCOVERY

## Argument

CollegeNET fails to meet its burden of "showing good cause for the requested departure from usual discovery procedures" where Google has never used the mark SPEEDBOOK in commerce and has represented to CollegeNET that it will not release any product using the SPEEDBOOK mark this year. *Qwest Commc'ns Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003); Declaration of Margret M. Caruso dated Oct. 14, ¶ 3, Ex. A. "[E]xpedited discovery is not automatically granted merely because a party seeks a preliminary injunction." *Quia Corp. v. Mattel, Inc.*, No. C10-01902 JF, 2010 WL 2179149, at *1 (N.D. Cal. May 27, 2010) (quoting *Am. Legalnet. Inc. v. Davis*, 673 F.Supp.2d 1063, 1066 (C.D. Cal. 2009)). Rather, a court will examine the reasonableness of the request in light of the surrounding circumstances. *Id.* CollegeNET's motion should be denied because it failed to establish any good cause for expediting discovery, and because its discovery requests are facially overbroad and harassing.

### I. COLLEGENET HAS NOT SHOWN GOOD CAUSE FOR EXPEDITING DISCOVERY

CollegeNET has not shown why it urgently needs any discovery about a product that does not exist. Parties seeking expedited discovery are expected to provide "evidence supporting their need," such as a "custodian's practice of destroying records," that "spoilage or destruction will occur in the due course of business activities," or the need to "identify a Doe defendant for service." *Wangson Biotech. Grp., Inc. v. Tan Tan Trading Co., Inc.*, No. C 08-04212 SBA, 2008 WL 4239155, at *7 (N.D. Cal. Sept. 11, 2008) (citations omitted). None of those facts are present here and CollegeNET does not argue—much less provide evidence—otherwise. Instead, CollegeNET's motion relies solely on its purported need to confirm blog rumors that Google will

PAGE 4 -   OPPOSITION TO PLAINTIFF'S MOTION TO EXPEDITE DISCOVERY

imminently launch a product called "Speedbook." As Google has repeatedly informed CollegeNET, however, those rumors are incorrect. *See* Caruso Decl. ¶¶ 2, 3, Ex. A. Google is not planning to launch a product using the SPEEDBOOK mark on November 26, 2010, or at any other time this year. *See id.*; Rubin Decl. ¶ 4.

The cases CollegeNET cites reflect the genuinely urgent and compelling nature of circumstances required to establish good cause and justify expedited discovery, which does not exist here. For example, *Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd Liability Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002), concerned the alleged infringement of a "certificate of protection" from the United States Department of Agriculture under the Plant Variety Protection Act. *Id.* The court granted the plaintiff's request for expedited discovery to inspect the allegedly infringing beans before the defendant distributed them, which would occur before the normal course of discovery. *Id.* Here, CollegeNET has not argued (nor could it argue, consistent with the facts) that Google is unlikely to lose possession of the evidence CollegeNET seeks; nor has it argued that CollegeNET would be unable to inspect the hypothetical product at issue if it were commercially released. The absence of a threat that Google will interfere with CollegeNET's ability to obtain relevant evidence in the normal course of discovery likewise distinguishes the facts here from *Renaud v. Gillick*, No. C06-1304RSL, 2007 WL 98465 (W.D. Wash. Jan. 8, 2007). There, the court granted expedited discovery where the appeared to be an imminent danger that the critical evidence (the funds the plaintiff were seeking to recover) would not be recoverable without expedited action. *Id.* at *1-3. Here, CollegeNET has not argued that any evidence would disappear absent the expedited discovery it seeks.

The facts in *Semitool, Inc. v. Tokyo Electron America, Inc.,* 208 F.R.D. 273 (N.D. Cal. 2002), were also quite different from those here. The *Semitool* parties had been engaged in pre-

PAGE 5 -   OPPOSITION TO PLAINTIFF'S MOTION TO EXPEDITE DISCOVERY

litigation discussions for a over a year, the motion sought to expedite discovery by three weeks; the requested discovery consisted solely of narrowly-tailored request for documents and physical inspection of the allegedly infringing product; the defendant conceded the relevance of the discovery and the existence of the documents sought; and the defendant had notice of the motion for nearly a month. *Id.* at 276-77. In contrast, the CollegeNET seeks discovery about a product that does not exist, about Google's internal future plans regarding a hypothetical product that plaintiff has read online unsubstantiated rumors of, and about all software that Google offers. *See* Zachary Decl. (Dkt. No. 4), Ex. H, Requests for Production; Ex. I, Deposition Topic 14. Not only does CollegeNET seek documents, it seeks a corporate deposition that will necessarily involve dozens and dozens of witnesses. *See* Zachary Decl. (Dkt. No. 4), Ex. I, Deposition Topics 1-13; Rubin Decl. ¶ 10. In addition, CollegeNET seeks to have discovery accelerated not be a mere three weeks, but by a longer, currently undefined amount of time, and to shorten Google's response time to just five days on a motion it was served with last week.

Most importantly, Google disputes the relevance of the discovery requests, which are not based on any actual case or controversy between the parties. As discussed in Google's Memorandum In Support of Its Motion To Dismiss, CollegeNET's claims should all be dismissed because no justiciable case or controversy exists and because the Complaint fails to allege that Google has used the SPEEDBOOK mark in commerce. Thus, unlike expediting by three weeks the inevitable, and concededly relevant, discovery in *Semitool*, which the court found would benefit "the administration of justice," expediting discovery here would permit CollegeNET to burden Google with full merits discovery before the Court has even determined whether it has jurisdiction and whether CollegeNET has stated any valid claims. CollegeNET suggests no justification for this.

PAGE 6 -   OPPOSITION TO PLAINTIFF'S MOTION TO EXPEDITE DISCOVERY

## II.  COLLEGENET'S DISCOVERY REQUESTS ARE OVERBROAD AND HARASSING

Even if CollegeNET's action were ripe, the full-blown merits discovery it seeks is not proper on an expedited basis. *E.g., Quia Corp.* 2010 WL 2179149, at *2 (denying request for expedited discovery because requests concerned "full-blown merits discovery"). To justify departing from the normal discovery regimen, even where infringement is alleged and a preliminary injunction is sought, a request for expedited discovery should be "limited." *Bug Juice Brands*, *Inc. v. Great Lakes Bottling Co.*, No. 1:10-cv-229, 2010 WL 1418032, at *1 (W.D. Mich. Apr. 6, 2010) (citing *Qwest,* 213 F.R.D. at 420). CollegeNET's far-reaching and burdensome requests should be rejected.

In *Bug Juice* the court denied expedited discovery in a trademark infringement action in which the plaintiff sought a preliminary injunction and requested similarly broad discovery to what CollegeNET seeks. Bug Juice sought a deposition under Rule 30(b)(6) and production of documents regarding facts "relating to [defendant's] decision to adopt and use" the disputed mark, "relating to [defendant's] promotion, advertising, and marketing" products under the mark, and marketing and promotional materials for products bearing the mark. 2010 WL 1418032, at *2. CollegeNET seeks virtually identical categories of documents and testimony. *See* Zachary Decl. (Dkt. No. 4), Ex. H, Requests for Production 1, 2, 3, 7, 8, 9, 11, 13; Ex. I, Deposition Topics 1, 2, 3, 7, 8, 9, 11. Unlike Bug Juice's requests, however, CollegeNET's discovery demands are not limited in time to less than a year; they encompass everything done in Google's entire history *and* Google's future product development and marketing plans, future advertising and packaging, and future sales, distribution, and marketing channels and methods. *See id.*

PAGE 7 -  OPPOSITION TO PLAINTIFF'S MOTION TO EXPEDITE DISCOVERY

Moreover, CollegeNET seeks a far more expanded set of information related to the SPEEDBOOK mark, including:

- -- documents and deposition testimony regarding dollar amounts of past and future advertising,

- -- demographic characteristics of past and future actual and intended customers,

- -- the identity of all parties Google has agreements with "to manufacture, provide, advertise, distribute, offer, or sell any product or service, in whole or in part," bearing the SPEEDBOOK mark, and

- -- "surveys, reports, or other market research regarding the SPEEDBOOK mark, or public perception thereof."

*See* Zachary Decl. (Dkt. No. 4), Ex. H, Requests for Production 4, 5, 6, 12 ; Ex. I, Deposition Topics 4, 5, 6, 12.  At a minimum, these requests seem to cover every possibly relevant topic to full-blown merits discovery.  Such discovery is not appropriate at the preliminary stage.  *See, e.g., Better Packages, Inc. v. Zheng*, No. Civ.A. 05-4477(SRC), 2006 WL 1373055, at *4-5 (D. N.J. May 17, 2006) (rejecting expedited discovery request in trademark infringement action where the scope of requested discovery and the defendant's likely expedited discovery, "would lead to the parties conducting nearly all discovery in an expedited fashion under the premise of preparing for a preliminary injunction hearing, which is not the purpose of expedited discovery").

CollegeNET also requests documents and testimony having nothing to do with Google's hypothetical use of the SPEEDBOOK mark.  Specifically, CollgeNET seeks information concerning "each software application that Google offers, has offered, or intends to offer." *See* Zachary Decl. (Dkt. No. 4), Ex. H, Request for Production 10; Ex. I, Deposition Topic 10.

PAGE 8 -   OPPOSITION TO PLAINTIFF'S MOTION TO EXPEDITE DISCOVERY

Google provides software applications for numerous platforms, including netbooks, tablets, and smart phones, and a number of applications for use on the internet. Compl. ¶ 16. The requested information, concerning *every* application, ever offered *or* in planning stages is overwhelming. Leaving aside future products, Google currently offers offered hundreds of software applications. Rubin Decl. ¶ 10. Responsibility for these products is spread among Google's numerous divisions and identifying and scheduling depositions of people who could knowledgably testify about each software application that Google offers, or intends to offer, would involve numerous employees. Rubin Decl. ¶ 10. CollegeNET has not identified what critical relevance such information would have that could justify requiring potentially dozens of employees to be deposed on such short notice.

### III. PREJUDICE TO GOOGLE OUTWEIGHS ANY DISCERNABLE BENEFIT OF EXPEDITED DISCOVERY

Any benefit CollegeNET might claim from expedited discovery is outweighed by the burden it places on Google in searching for a sweeping scope of documents and identifying many dozens of its employees for deposition.

CollegeNET asserts that Google's "expertise in search technology," should make responding to the requests simple. However, Google does not have a search engine that can instantly crawl through its vast amounts of data to return only documents that are responsive to CollegeNET's requests, including those concerning all of its historical and future software applications, marketing, development, and distribution practices, and decisions concerning specific product names, within a mere five days. Nor does Google's technological sophistication provide any guidance to Google in determining, for example, when one employee's inspiration or passing folly becomes a "software application that Google . . . intends to offer" or which

PAGE 9 -   OPPOSITION TO PLAINTIFF'S MOTION TO EXPEDITE DISCOVERY

employees among thousands are the most appropriate to testify about the hundreds of software applications Google offers.  *See* Zachary Decl. (Dkt. No. 4), Ex. H, Request for Production 10; Ex. I, Deposition Topic 10; Rubin Del. ¶ 10.

CollegeNET has not even argued there is a risk the requested information will disappear before the Court hears Google's Motion To Dismiss, before the information could be obtained in the normal course of discovery, and before Google has a full and fair opportunity to be heard on its objections to the substance of the requested discovery.  Accordingly, CollegeNET has failed to justify the substantial burden of human and financial resources that will need to be devoted to responding to its discovery requests.

## IV.    COLLEGENET HAS NOT PROVEN A NEED FOR AN EXPEDITED TIME FRAME

CollegeNET requests that Google provide it with 13 categories of documents and witnesses to testify about 14 topics (one of which literally includes hundreds of products) within five days of service.  CollegeNET's sole justification for this supposed urgency is "Google's own delay and secrecy."  Memorandum In Support of Plaintiff's Motion To Expedite Discovery (Dkt. No. 3), at 5.  CollegeNET does not identify any prejudice towards CollegeNET because of this unidentified delay and secrecy.  Nor could it because there is no Google SPEEDBOOK product.  In addition, CollegeNET never requested any documents or information concerning the allegedly infringing product in its pre-litigation communications with Google.  Rather, CollegeNET demanded Google abandon a trademark application based solely on speculation by bloggers that Google planned to use its mark.  Essentially, CollegeNET seeks to impose an unreasonable time frame on Google to determine if it will ever use the SPEEDBOOK mark in connection with any computer hardware because Google did not share its future product

PAGE 10 -  OPPOSITION TO PLAINTIFF'S MOTION TO EXPEDITE DISCOVERY

development plans upon receipt of a demand letter. Google has committed no misconduct, and the time frame requested by CollegeNET is unwarranted.

## Conclusion

For the foregoing reasons and as set forth in all accompanying pleadings, CollegeNET's Motion to Expedite Discovery should be denied.

DATED: October 14, 2010

LANE POWELL PC

By  s/Kenneth R. Davis II
   Kenneth R. Davis II, OSB No. 971132
   Telephone: 503.778.2121
   Parna A. Mehrbani, OSB No. 053235
   Telephone: 503.778.2127

QUINN EMANUEL URQUHART
& SULLIVAN LLP
By Margret M. Caruso, *Pro Hac Vice Pending*
   Telephone: 650.801.5101

Attorneys for Defendant Google Inc.

PAGE 11 - OPPOSITION TO PLAINTIFF'S MOTION TO EXPEDITE DISCOVERY